UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIMEDX GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL FOX, <br><br> Defendant. | No. 16 CV 11715 <br><br> Judge Manish S. Shah |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff MiMedx Group, Inc.'s motion for an order of replevin, or in the alternative, for a preliminary injunction, [24], is granted in part. As explained in greater detail on the record in open court, the court finds that plaintiff has established a substantial likelihood of success on its claims for specific performance and replevin based on defendant Michael Fox's failure to return company-owned devices to plaintiff within three days of the termination of his employment. Defendant Fox has expressly disclaimed any property interest in the devices, and his interest in preserving the data on those devices is not superior to plaintiff's right to its property. Fox has no right to place conditions on the return of property that does not belong to him. The contract required Fox to return the property within three days, and he failed to do so. It is therefore likely that he breached the contract, and specific performance is an appropriate remedy for the breach. Money damages would not be an adequate remedy under the circumstances because plaintiff is irreparably harmed from the continued detention of its property in the hands of defendant's agents. Fox is not harmed by the injunctive relief ordered below because he has no right to continue to possess the devices. The risk that plaintiff will destroy evidence on these specific devices is not sufficiently supported, and as a result, does not outweigh the harm to plaintiff. The public interest is negligible but favors the enforcement of the parties' contract.

Accordingly, the court orders that:

1. Defendant Michael Fox, and any agent or employee of Fox (and any person in active concert with Fox or his agent or employee) with actual notice of this order, to include Fox's attorneys and StoneTurn Group, Inc., shall return all MiMedx-owned electronic devices in the possession of Fox, his agents, and vendors, directly to MiMedx's designated agent, Document Technologies, LLC, by 5:00 p.m.

Eastern Time on March 9, 2017. MiMedx shall designate an agent for receipt of the devices and make arrangements for the return through counsel for the parties. The devices shall include the HP EliteBook Folio 9480M J5P81UT#AB model laptop; the Apple iPad, device id 9900013382347503; the Apple iPhone, device id 355310080960530; and a second laptop described by defendant's counsel in court.

2. Defendant Fox, and any agent or employee of Fox (and any person in active concert with Fox or his agent or employee) with actual notice of this order, shall not access, attempt to access, use, copy, image, alter, manipulate, or destroy any duplicate or forensic image of the MiMedx-owned devices, or the data contained on those devices.

3. No bond shall be posted to secure this injunction.

This preliminary injunction shall remain in place through the conclusion of this matter or until further order of the court.

ENTER:

Date: 3/8/2017

Manish S. Shah
U.S. District Judge