UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIMEDX GROUP, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MICHAEL FOX, <br><br> Defendant/Counter-Plaintiff. | No. 16 CV 11715 <br><br> Judge Manish S. Shah |

## ORDER

MiMedx's motion for partial judgment on the pleadings [187] is granted. Count IV of Fox's Second Amended Counterclaim is dismissed with prejudice.

## STATEMENT

MiMedx filed this lawsuit against Michael Fox, a former employee. In response, Fox asserted various counterclaims. After seeking leave to amend, Fox added a Dodd–Frank counterclaim, alleging that MiMedx retaliated against him for giving a voluntary interview with the SEC to assist in its investigation of MiMedx. Soon after Fox filed his Second Amended Counterclaim, the Supreme Court issued its decision in *Digital Realty Trust, Inc. v. Somers*, 138 S.Ct. 767 (2018). MiMedx now moves for judgment on the pleadings with respect to Fox's Dodd–Frank whistleblower claim, arguing that *Digital Realty* clarifies that to obtain whistleblower status—and in turn qualify for the Act's whistleblower protections—an individual must submit information relating to a suspected securities-law violation to the SEC through its website or by mailing or faxing a form to its office. Because Fox did not provide information by either of these methods, MiMedx argues, he is not a whistleblower and is not entitled to the Act's anti-retaliation protections.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standard applies to motions for judgment on the pleadings under Rule 12(c) as applies to motions to dismiss under Rule 12(b)(6). *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). So to survive a motion for judgment on the pleadings, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Dodd–Frank Act protects whistleblowers, defined as "any individual who provides . . . information relating to a violation of the securities laws to the Commission, in a manner established, by rule or regulation, by the Commission." 15 U.S.C. § 78u-6(a)(6). Once an individual meets the Act's definition of a whistleblower, he is entitled to the Act's protections. Specifically, the Act provides:

> [n]o employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower—(i) in providing information to the Commission in accordance with this section; (ii) in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information; or (iii) in making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002, . . . this chapter, . . . and any other law, rule, or regulation subject to the jurisdiction of the Commission.

15 U.S.C. § 78u-6(h)(1)(A). Congress left it up to the SEC to establish the manner in which a whistleblower can provide information the Commission—though the manner it chooses must be consistent with the Act itself. *See Digital Realty*, 138 S.Ct. at 777 (holding that to be a whistleblower one must report information *to the Commission*). At issue here, is whether current SEC regulations include assisting in an investigation as a proper method of providing information to the Commission.

The regulations provide: "[t]o be considered a whistleblower under Section 21F of the Exchange Act (15 U.S.C. 78u-6(h)), you must submit your information about a possible securities law violation by either of these methods: (1) Online, through the Commission's Web site located at http://www.sec.gov; or (2) By mailing or faxing a Form TCR (Tip, Complaint or Referral) . . . to the SEC Office of the Whistleblower." 17 C.F.R. § 240.21F–9(a). In *Digital Realty*, the Court indicated that these are the only SEC-established methods, noting that nothing "prevents the agency from enumerating additional means of SEC reporting—including through testimony protected by [15 U.S.C. § 78u-6(h)(1)(A)(ii)]." 138 S.Ct at 781. This, MiMedx argues, shows that although the SEC could include assisting in an investigation as a proper method of providing information (thereby triggering the Act's protections) it has not chosen to do so.

Fox, on the other hand, argues that submitting information via the SEC website and mailing or faxing a form to an SEC office are not the only methods the SEC has prescribed. Fox agrees that to qualify as a whistleblower for the award and confidentiality provisions of the Act, one must provide information through the website or a Form TCR. *See* 17 C.F.R. § 240.21F–2(a). But for the anti-retaliation provisions, Fox points to the Commission's definition of whistleblower in 17 C.F.R.

2

§ 240.21F–2(b)(1), which provides, in part, "[f]or purposes of the anti-retaliation protections afforded by Section 21F(h)(1) of the Exchange Act (15 U.S.C. 78u-6(h)(1)), you are a whistleblower if . . . [y]ou provide . . . information in a manner described in Section 21F(h)(1)(A) of the Exchange Act (15 U.S.C. 78u-6(h)(1)(A))." As mentioned above, § 78u-6(h)(1)(A) of the Act describes the conduct that an individual is entitled to engage in without retaliation from his employer once that individual qualifies as a whistleblower under the Act. By referencing this section of the Act in the regulations, according to Fox, the Commission decided that the same conduct Congress chose to protect once an individual had whistleblower status should also serve to qualify an individual as a whistleblower in the first place. In *Digital Realty*, the Court held that this section of the regulations was inconsistent with the clear language of the Act to the extent it allowed employees who reported information internally to enjoy the Act's protections when the Act itself clearly requires reporting "to the Commission." 138 S.Ct at 777. But in doing so, the Court did not strike the regulation. And Fox argues that though the decision limited the scope of regulation—§ 78u-6(h)(1)(A)(iii), for example, to the extent it allows internal reporting, is not a valid reporting method—§ 78u-6(h)(1)(A)(ii), which encompasses assisting in an SEC investigation, was not altered. Fox argues that because subsection (ii) requires reporting to the Commission, it is not inconsistent with the Act's clear language, and therefore not impacted by *Digital Realty*. In referencing the Act's protections, Fox asserts, the SEC has prescribed assisting in an SEC investigation as a possible method of reporting information. Because Fox assisted in the SEC's investigation of MiMedx, so the argument goes, he is a whistleblower under the Act and entitled to its protections.

But reading § 240.21F–2(b)(1)(ii) of the regulations as prescribing a method by which individuals can provide information to the SEC and gain whistleblower status would be inconsistent with the mandatory language of § 240.21F–9(a), which provides that an individual *must* provide information via the SEC website or by mailing or faxing a form. And though Fox contends that this applies only to the award and confidentiality provisions of the Act, the regulation specifically references § 78u-6(h)—the Act's anti-retaliation provisions. Fox's reading would also be in tension with the Court's reasoning in *Digital Realty*. The Court stated that the Commission is free to prescribe assisting in an investigation as an appropriate method of providing information. This statement indicates that, in the Court's view, the current regulations do not already do so. If the Commission intends to incorporate additional methods of reporting information, it must promulgate new regulations to articulate that intention. Twisting the language of the existing regulations to include assisting in an investigation as a prescribed manner of providing information would defeat the purpose of *Digital Realty* and create unnecessary uncertainty on the heels of the Court's decision. The simpler and better approach is to take the Court at its word and leave it to the Commission to prescribe reporting methods.

3

    Because Fox has not alleged that he provided information to the Commission in a manner prescribed by the Commission, he is not a whistleblower under the Dodd–Frank Act and cannot state a claim for whistleblower retaliation. Count IV of Fox's Second Amended Counterclaim is dismissed.

ENTER:

                                          Manish S. Shah
                                          United States District Judge

Date: June 6, 2018